## JACOBSON v. UNITED STATES.

### No. 390.

District Court, W. D. Washington, N. D.

April 29, 1942.

Jones & Bronson and Story Birdseye, all of Seattle, Wash. for plaintiff.

J. Charles Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash., Harry Sager, Asst. U. S. Atty., of Seattle, Wash., and Thomas R. Winter, Sp. Asst. to Chief Counsel, Bureau of Internal Revenue, of Seattle, Wash., for defendant.

BOWEN, District Judge.

This is an action to recover the amount of Social Security taxes exacted by the Government and paid under protest by plaintiff, one of the boat owners, on account of members of the crew of a commercial halibut fishing boat. The Social Security Act, 42 U.S.C.A. § 301 et seq., now applies to those engaged in commercial halibut fishing, because by the amendment of 1939 Congress expressly excepted commercial halibut fishermen from that class of fishermen not subject to the Act. 42 U.S.C.A. § 409(b) (14).

■ Plaintiff's right to recover in this action depends on whether the crew members, hired on a "share of fish caught" or "lay" basis, are owners pro hac vice or are employees of the owners. Plaintiff can recover only if the crew members were such "owners", not if they were employees.

Counsel admit that by a long line of previous decisions on this subject, the courts have held that the crew members were employees, and that no case has been found which holds that the crew members were "owners". Plaintiff contends, however, that the union contract between the boat owners and crew members in this case lays unusual emphasis on the provisions that the crew members shall share various kinds of losses. But the contract discloses no provision calling for the crew to share a loss not expected to arise in connection with the fishing work. On this subject I am unable to find a material distinction between this case and those previously decided by the courts. No other material distinction between such cases is asserted.

In this contract, one outstanding feature is the prominent part to be played by the delegate who was to represent the crew in dealings between the crew and owners during the work. That clearly indicates that the contracting parties themselves construed the contract not as a partnership between owners and crew, but as an employment of the crew by the boat owners. The delegate provision in this contract is similar to the typical delegate provision in union contracts of recent years for supplying crews to all kinds of merchant ships. It is unlikely in this case that the crew would have needed or wanted a delegate if they had intended to become associated as owners in the fishing enterprise with the proprietary owners of the vessel. Those occupying an owner relationship to the vessel do not usually employ a delegate to represent them in their dealings with the crew.

■ Plaintiff owner also contends that the Government should not have charged or allocated, as it did, to each member of the crew as earnings the value of board and lodging furnished to crew members while working with the vessel, but the court's attention has not been called to any authority denying the legality of this. It is beyond question that the value of board and lodging furnished on board ship to fishermen while engaged in the vessel's fishing operations is considered a valuable part of their earnings and, to the extent of its value, reduces the cost of their living. It is therefore generally regarded as a material part of the compensation paid to them for their labor, and the Govern-

ment's action in so regarding it here was proper.

In view of the foregoing I am clearly of the opinion that the crew members in this case were employees of the owners; that the Social Security tax exacted on that basis was lawfully collected; and that the plaintiff owner is not entitled to recover in this action.